# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID COCHRAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-20-1159-STE |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of the ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant.[1] ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for disability insurance benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **AFFIRMS** the Commissioner's decision.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Therefore, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

I.  **PROCEDURAL BACKGROUND**

Initially and on reconsideration, the Social Security Administration denied Plaintiff's application for benefits. Following an administrative hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 10-20). The Appeals Council denied Plaintiff's request for review. (TR. 1-3). Thus, the decision of the ALJ became the final decision of the Commissioner.

II.  **THE ADMINISTRATIVE DECISION**

The ALJ followed the five-step sequential evaluation process required by agency regulations. See Fischer-Ross v. Barnhart, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. § 404.1520. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity from April 24, 2016—his alleged onset date—through December 31, 2019—his date last insured. (TR. 13). At step two, the ALJ determined Mr. Cochran suffered from the following severe impairments: obesity; osteoarthritis of the lumbar and cervical spine; post-traumatic stress disorder; major depressive disorder; obstructive sleep apnea; bilateral carpal tunnel syndrome; and left-hand index trigger finger. (TR. 13).

At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR. 13).

At step four, the ALJ concluded that Mr. Cochran retained the residual functional capacity (RFC) to:

> [L]ift and carry 20 pounds occasionally and 10 pounds frequently. The claimant can sit for about 6 hours during an eight-hour workday and can

stand and walk for about 6 hours during an eight-hour workday. The claimant can occasionally climb, balance, stoop, kneel, crouch, and crawl. The claimant can occasionally reach overhead. The claimant can frequently handle and finger. The claimant can understand, remember, and carry out simple, routine, and repetitive tasks. The claimant can relate to supervisor and co-worker on a superficial work basis. The claimant can have no contact with the general public. The claimant can adapt to work situation. 20 CFR 404.1567(b).

(TR. 15).

With this RFC, the ALJ concluded that Plaintiff was not capable of performing his past relevant work. (TR. 18). As a result, the ALJ presented the RFC limitations to a vocational expert (VE) to determine whether there were other jobs in the national economy that Plaintiff could perform. (TR. 52). Given the limitations, the VE identified three jobs from the Dictionary of Occupational Titles that Plaintiff could perform. (TR. 52-53). The ALJ then adopted the VE's testimony and concluded, at step five, that that Mr. Cochran was not disabled based on his ability to perform the identified jobs. (TR. 19).

## III.   ISSUES PRESENTED

On appeal, Plaintiff alleges error in the ALJ's evaluation of the medical evidence. (ECF No. 19:3-10).

## IV.   STANDARD OF REVIEW

This Court reviews the Commissioner's final decision "to determin[e] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Noreja v. Commissioner, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted). Under the "substantial evidence" standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations. *Biestek v. Berryhill*, 139 S. Ct.

3

1148, 1154 (2019). "Substantial evidence . . . is more than a mere scintilla . . . and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. at 1154 (internal citations and quotation marks omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## V.    THE ALJ'S CONSIDERATION OF MEDICAL EVIDENCE

Mr. Cochran challenges the ALJ's consideration of the medical evidence. (ECF 19:3-10). The Court affirms the Commissioner's decision.

### A.    The ALJ's Duty to Evaluate Medical Evidence

The Social Security regulations require the ALJ to "consider all evidence in [the] case record when [he] make[s] a determination or decision whether [claimant is] disabled." 20 C.F.R. § 404.1520(a)(3). Although the record must demonstrate that the ALJ considered all of the evidence, he is not required to discuss every piece of evidence. *Mays v. Colvin*, 739 F.3d 569, 576 (10th Cir. 2014). Rather, in addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects. *Id.* Finally, in considering medical evidence, an ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other

evidence." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012) (citation omitted).

### B. No Error in the ALJ's Consideration of the Medical Evidence

In formulating the RFC, the ALJ discussed Plaintiff's subjective allegations, summarized and weighed the medical evidence, and made the following findings:

> [T]he undersigned finds the claimant has the above residual functional capacity assessment, which is supported by the combined effects of the claimant's impairments and his subjective symptoms balanced against his generally unremarkable examinations and minimal treatment. SSR 19-2p provides that obesity in combination with another impairment may increase the severity of functional limitations of other impairments and may have decreased ability to perform routine movements, and in the ability to sustain a function over time. The combined effects of the claimant's physical impairments, including his obesity, support the finding that he is limited to a light exertional with the outlined postural limitations. His hand pain and trigger finger support the manipulative limitations. Nevertheless, the longitudinal pattern of the claimant's examinations shows no issues with gait, strength, sensation, reflexes, or range of motion. (E.g. 11F; 1F/169, 140, 92; 3F/7-8).

(TR. 17). Mr. Cochran argues that the ALJ's statement regarding "the longitudinal pattern of the claimant's examinations," lacked substantial evidence because: (1) the ALJ's statement is "unsupported by the exhibits listed" and (2) the ALJ engaged in an improper selective review of evidence from a consultative examiner. (ECF No. 19:4-10). The Court rejects Plaintiff's arguments.

#### 1. The Listed Exhibits Provide Substantial Evidence for the ALJ's Statement Regarding the Longitudinal Evidence

As stated, in support of the conclusion that "the longitudinal pattern of the claimant's examinations shows no issues with gait, strength, sensation, reflexes, or range of motion," the ALJ cited the following evidence: 11F; 1F/169, 140, 92; 3F/7-8. Plaintiff

concedes that these records show "normal gait," but argues that they do not provide support for the ALJ's finding that Plaintiff had "no issues with. . . strength, sensation, reflexes, or range of motion," rendering the ALJ's RFC finding lacking substantial evidence. (ECF No. 19:5-10). To evaluate Plaintiff's claim, an examination of the cited records is warranted.

First, as noted by Mr. Cochran, Exhibit 11F is a two-page document regarding an office visit to Plaintiff's physician concerning a testicular mass. (TR. 1179-1180). As part of the examination, the notes indicate Plaintiff had a "normal gait." (TR. 1179). But the report makes no findings regarding Plaintiff's "strength, sensation, reflexes, or range of motion." *See* TR. 1179-1180.

Next, the ALJ cited three pages in Exhibit 1F—pages 92, 140, and 169. (TR. 17). These records, too, note Mr. Cochran's "normal" gait, but otherwise make no findings on Plaintiff's "strength, sensation, reflexes, or range of motion." *See* TR. 365, 413, 442.

Finally, the ALJ relies on Exhibit 3F at pages 7 and 8 to support his finding that Plaintiff had "no issues with . . . strength, sensation, reflexes, or range of motion." (TR. 17). Exhibit 3F documents a consultative examination which was conducted on Plaintiff by certified nurse practitioner, Joyce Tow. (TR. 972-983). Pages 7 and 8 of the report document "normal" gait, "5/5" strength, normal reflexes,[2] "intact" range of motion in Plaintiff's hips, knees, and ankles, and "decreased" sensation in Plaintiff's fingertips and toes. (TR. 977). Contrary to Plaintiff's argument, the cited evidence supports the ALJ's

---

[2] The reflex findings by Nurse Tow indicated "2+" in the bilateral biceps, knees, and ankles. *See* TR. 977. "2+" reflexes indicate "normal" findings. *See* Clinical Methods: The History, Physical, and Laboratory Examinations, Chapter 72, 3rd ed. (1990).

findings with regard to Plaintiff having "no issues" with gait, strength, reflexes, or range of motion. Mr. Cochran is correct that the ALJ mistakenly relied on the cited evidence to support a finding that Mr. Cochran had no issues with "sensation," in light of the evidence from Nurse Tow which indicates "decreased" sensation. *See supra*. However, Plaintiff makes no argument that he suffered any limitations from a "decreased" sensation or that such finding would somehow affect his ability to perform the identified jobs. Simply put, Plaintiff has failed to argue the probative value of the evidence, nor does the Court find any. Consequently, the Court: (1) finds no error in the ALJ's misstatement of the record in this regard and (2) concludes that substantial evidence supports the ALJ's statement regarding Plaintiff's "longitudinal record." *See Seever v. Barnhart*, 188 F. App'x 747, 752, 2006 WL 1902066, at *3 (10th Cir. 2006) (no error in ALJ's failure to discuss evidence when Plaintiff had "not suggested how [the evidence] [was] sufficiently probative of RFC as to merit discussion by the ALJ.").

### 2.     The ALJ did not Selectively Review the Evidence

Mr. Cochran next argues that the ALJ's statement regarding "the longitudinal pattern of the claimant's examinations," lacked substantial evidence because the ALJ engaged in an improper selective review of the evidence from Nurse Tow. (ECF No. 19:8-9). Specifically, Mr. Cochran argues that the ALJ selectively reviewed Nurse Tow's report, omitting findings that Plaintiff suffered from limited range of motion in his lumbar spine and shoulders. (ECF No. 19:9).

Upon examination, Nurse Tow: (1) found that Plaintiff had decreased range of motion in his lumbar spine and shoulders and (2) diagnosed Plaintiff with lumbar and

7

shoulder osteoarthritis. (TR. 976, 978). Plaintiff argues that the ALJ "mischaracterized and downplayed the evidence by picking and choosing which evidence supported [the] RFC" based on the ALJ's failure to specifically comment on Nurse Tow's findings. For two reasons, the Court disagrees. First, the ALJ found that Plaintiff suffered from a "severe" impairment involving osteoarthritis of the lumbar spine—a finding which is consistent with Nurse Tow's. *See* TR. 13. Thus, the Court will not find error in the ALJ's failure to specifically discuss this portion of Nurse Tow's report. *See Howard v. Barnhart,* 379 F.3d 945, 947 (10th Cir. 2004) ("When the ALJ does not need to reject or weigh evidence unfavorably in order to determine a claimant's RFC, the need for express analysis is weakened.").

Second, reliance upon the mere diagnosis of lumbar and shoulder osteoarthritis is misplaced because it is the resultant functional limitations arising from such a condition, if any, that must be used by the Commissioner to formulate Plaintiff's RFC. *See* 20 C.F.R. § 404.1545(a) ("Your residual functional capacity is the most you can do despite your limitations."); *Paulsen v. Colvin*, 665 F. App'x 660, 668 (10th Cir. 2016) "Diagnosis of a condition does not automatically mean that the claimant is disabled; what matters is whether the condition results in work-related limitations." (citing *Bernal v. Bowen*, 851 F.2d 297, 301 (10th Cir. 1988)). Plaintiff neither contends that the shoulder and lumbar spine impairments met the criteria of a listed impairment nor does he point to any functional limitation assessed by Nurse Tow due to the diagnoses. Thus, the ALJ had no particular duty in evaluating the evidence. *See Fulton v. Colvin*, 631 F. App'x. 498, 501 (10th Cir. 2015) (where a treating physician diagnosed a condition but did not opine on

8

the functional limitations imposed by the condition and claimant does not allege the condition is of listing-level severity, "the diagnos[i]s by [it]sel[f is] not significantly probative evidence the ALJ had to reject in order to find [the claimant] was not disabled, and therefore the ALJ did not need to discuss [it]"); *Endriss v. Astrue*, 506 F. App'x 772, 778, 2012 WL 6685446, at *5 (10th Cir. 2012) (stating that "[t]he ALJ was not required to discuss" physician's "notes in her treatment records about the limitations in [the plaintiff's] cervical range of motion" because the notes did not constitute "an opinion that could be evaluated by the ALJ" when the physician "did not opine as to how those limitations would affect [the plaintiff's] ability to function.").

In sum, the Court finds that the ALJ committed no legal error and substantial evidence supports the ALJ's RFC and related explanation.

## ORDER

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. Based on the forgoing analysis, the Court **AFFIRMS** the Commissioner's decision.

ENTERED on September 30, 2021.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE